977 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Calvin C. WILLIS, Plaintiff-Appellant,
v.
Robert BEGGS; Beggs Brothers, Defendants-Appellees.
 No. 91-56227.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 19, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Calvin C. Willis appeals pro se the district court's award of costs in favor of Robert Beggs. We review for an abuse of discretion. Moore v. Hughes Helicopters, Inc. 708 F.2d 475, 486 (9th Cir.1983). We affirm.
 
 
 3
 Willis contends that the district court erred when it awarded costs to Beggs for being the prevailing party because our previous decision in this case settled the issues of costs.
 
 
 4
 * Background
 
 
 5
 On August 8, 1989, the district court dismissed Willis's employment discrimination action against Beggs. On August 22, 1989, Beggs filed a defective memorandum of costs as the prevailing party and subsequently filed a motion to waive the local rule pertaining to the time within which to file the memorandum. The court granted Beggs's motion and allowed him an extension of time to submit another costs application. On November 28, 1989, Beggs filed his second costs application. Willis filed a late opposition. The clerk entered the costs in favor of Beggs without a hearing.
 
 
 6
 On January 4, 1990, Willis filed a notice of appeal challenging, in part, the district court's waiver of the local rule for Beggs but not for Willis. On April 22, 1991, we reversed the district court's award of costs holding that: "when the court waived its local rule as to defendant, it had a duty to waive the same rule as to plaintiff." Willis v. Beggs, No. 90-55007, unpublished memorandum decision, (9th Cir. April 22, 1991). We later granted Willis costs as being the prevailing party on appeal. On July 23, 1991, Beggs timely applied for a re-taxation of costs. Willis filed an opposition stating that the issue had been decided when this court reversed the district court's original award of costs. The district court disagreed, finding that the this court's decision did not resolve the substantive costs controversy between the parties but rather only required the district court to allow Willis the opportunity to file an untimely objection to Beggs's costs application. On September 11, 1991, after a hearing on the merits of Beggs's cost application, the clerk entered costs against Willis. Willis timely appealed, claiming that the issue already had been settled on appeal and, therefore, the district court was precluded from awarding costs to Beggs.
 
 II
 Merits
 
 7
 Willis misconstrues our prior ruling in his case as a substantive ruling on the merits of Beggs's costs application. Our prior ruling, however, dealt strictly with the procedural question of whether the district court should have granted Willis an extension of time within which to file an opposition to Beggs's application of costs. It did not involve the issue of whether Beggs was entitled to costs as the prevailing party after the district court dismissed Willis's employment discrimination action. We granted Willis costs on appeal for having been the prevailing party on appeal. The award of costs on appeal, however, did not settle the issue of whether Beggs was entitled to costs at the district court level. Accordingly, the district court was free to consider the merits of the cost application and award costs as it found appropriate.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Neither party shall recover costs on this appeal